IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KRESTAN STOKKE,

    Petitioner,      No. CIV S-09-2527 EFB P

    vs.

WARDEN KEN CLARK,[1]     ORDER

    Respondent.

_____/

  Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Pending before the court is respondent's motion to dismiss this action on the ground that it is barred by the statute of limitations. As explained below, this action is untimely and respondent's motion to dismiss must therefore be granted.

////

////

////

---

[1] In his motion to dismiss, respondent informs the court that his name is "Ken" and not "Kent" as reflected on the court's docket. Resp.'s Mot. to Dism. ("Mot."), at 1, n.1.

1

## I. Procedural History

On December 5, 2006, the Trinity County Superior Court sentenced petitioner to a determinate state prison term of ten years for his convictions of attempted voluntary manslaughter, assault with a deadly weapon, and discharging a firearm with gross negligence. Mot., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1.  On December 6, 2007, the California Court of Appeal, Third Appellate District, affirmed the judgment. Lodg. Doc. 2. Petitioner sought review in the California Supreme Court, which was denied on February 13, 2008. Lodg. Doc. 3-4. On May 20, 2008,[2] petitioner filed a petition for writ of habeas corpus in the state superior court.[3] That petition was denied on August 7, 2008. Pet'r's Opp'n to Mot., Exhibit (Trinity County Superior Court Ruling Re Habeas Corpus).

## II. Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state

---

[2] The court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houstan v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

[3] It appears from the record that petitioner mistakenly filed this petition in the Kings County Superior Court, which then transferred the petition to the Trinity County Superior Court. Pet'r's Opp'n to Mot., Exhibit (petition dated May 20, 2008 and Kings County Superior Court transfer order).

post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.   Analysis**

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on February 13, 2008. Lodg. Doc. 4. The conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on May 13, 2008. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until May 13, 2009 to file his federal habeas petition. He did not file the petition until August 17, 2009. Dckt. No. 1. Absent

3

1  tolling, the petition was filed over three months after the limitation period ended. However,
2  petitioner is entitle to statutory tolling for the period his state court petition was pending.

3  With the benefit of 80 days of statutory tolling while petitioner's superior court petition
4  was pending (May 20, 2008 though August 7, 2008), petitioner had until August 3, 2009 to file
5  his federal petition.[4] Since petitioner did not file the instant petition until August 17, 2009, he
6  exceeded the one-year allowed under 28 U.S.C. § 2244(d) by fourteen days, unless petitioner can
7  show he is entitled to equitable tolling. This he cannot do.

8  Equitable tolling is only appropriate if "extraordinary circumstances beyond a prisoner's
9  control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066
10 (9th Cir. 2002) (quotation marks and citation omitted) (emphasis in original). Petitioner argues
11 that he meets this tolling requirement because his counsel misinformed him that he had eighteen
12 months after the California Supreme Court denied his petition within which to file a federal
13 petition. *See* Dckt. No. 18 at 3-4; Dckt. No. 1, Ex. 1 (March 21, 2008 letter from attorney to
14 petitioner). Unfortunately, counsel's incorrect advice with respect to when petitioner's federal
15 habeas petition was due does not constitute an "extraordinary circumstance" warranting
16 equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2564, 2010 U.S. LEXIS 4946, at *34-
17 35 (U.S. June 14, 2010) (gross attorney misconduct might justify equitable tolling, but not
18 "garden variety" miscalculation of deadlines); *see also Lawrence v. Florida*, 549 U.S. 327, 337
19 (2007) ("Attorney miscalculation [of the Antiterrorism and Effective Death Penalty Act of
20 1996's limitations period] is simply not sufficient to warrant equitable tolling, particularly in the
21 postconviction context where prisoners have no constitutional right to counsel."); *Frye v.
22 Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney miscalculation and "negligence in
23 general" not sufficient to warrant equitable tolling). Here, petitioner has not made a showing of

---

25  [4] The limitations period would have been extended to Saturday, August 1, 2009.
    However, petitioner did not have to file until Monday, August 3, 2009. *See* Fed. R. Civ. P.
26  6(a)(1)(C).

4

1  serious attorney misconduct, as he has presented only a "garden variety" miscalculation, which
2  cannot serve to equitably toll the limitations period.  Further, while petitioner is a pro se litigant,
3  his ignorance of the law does not constitute an extraordinary circumstance that would warrant
4  equitable tolling.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

5       Accordingly, it is hereby ORDERED that respondent's February 12, 2010 motion to
6  dismiss is granted and the Clerk is directed to close the case.

7  Dated:  September 8, 2010.

                                                         EDMUND F. BRENNAN
                                                         UNITED STATES MAGISTRATE JUDGE